### RITTENBERG v. KAPLAN.

(District Court, S. D. New York. July 17, 1925.)

1. Bankruptcy ⟜178(1)—Purchaser of property from bankrupt, whose payment is used to effect preference, is not liable, unless he participated in bankrupt's fraudulent design (Bankruptcy Act, § 67e [Comp. St. § 9651]).

Purchaser of property from bankrupt, within four months preceding bankruptcy, whose payment is used by bankrupt to prefer certain creditors, is not liable, under Bankruptcy Act, § 67e (Comp. St. § 9651), unless he participated in bankrupt's fraudulent design, or did not act in good faith or pay present fair consideration.

2. Bankruptcy ⟜180—Insolvent debtor's cash sale of property with intent to use proceeds in preferring certain creditors is not fraudulent transfer within statute· (Bankruptcy Act, § 67e [Comp. St. § 9651]).

Cash sale for fair consideration by insolvent debtor, where intent is not to get property away from all creditors, but simply to use proceeds in paying certain creditors in preference to all others, is not fraudulent transfer, within Bankruptcy Act, § 67e (Comp. St. § 9651), though little is left for remaining creditors.

In Equity. Suit by William C. Rittenberg, as trustee in bankruptcy of Isidor Hassenberg and Max Weiss, individually and as copartners doing business as the Clermont Clothing Company, against Jacob Kaplan. Bill dismissed.

David W. Kahn, of New York City, for complainant.

---

Harry G. Fromberg, of New York City (Archibald Palmer, of New York City, of counsel), for defendant.

WINSLOW, District Judge. This suit is brought to set aside certain transfers within four months of the bankruptcy, made by the bankrupt to the defendant in or about September and October, 1923, on the ground that such transfers were made with intent to hinder, delay, and defraud creditors, and that the transfers made by the bankrupt to the defendant were not made for a fair consideration, nor were the sales made in good faith.

The case has been duly tried. It appears that at or about the time mentioned the bankrupt sold merchandise, consisting of manufactured clothing, to the defendant from time to time, receiving cash payment therefor of approximately $24,000. Some of this merchandise, the evidence indicates, was sold by the bankrupt at or slightly below cost. Plaintiff contends that the property thus sold was in fact worth, at market prices, about $28,000. A reasonable inference from the record is that the proceeds of such sales were used by the bankrupt to pay certain creditors, thus presumably preferring them to creditors remaining unpaid at the time of the filing of the petition in bankruptcy.

[1] In order, however, to hold the defendant liable under section 67e of the Bankruptcy Act (Comp. St. § 9651), it is necessary to show that the defendant participated in the fraudulent design supposed to be in the mind of the bankrupt, and that his purchase was not in good faith and for a present fair consideration. However reprehensible the conduct of the bankrupt may be, and the court has nothing but condemnation for his conduct, I do not think the evidence is of such a clear and convincing character as to show that the defendant participated in any fraudulent plan. The evidence does not negative the conclusion that, so far as the defendant is concerned, at least, his purchase was in good faith and for a present fair consideration.

[2] A cash sale for fair consideration by an insolvent debtor of his property, where his intent is not to get the property away from all creditors, but simply to use the proceeds in paying certain creditors in preference to all others, is not a fraudulent transfer, although the effect is to leave little for the remaining creditors. Remington on Bankruptcy (3d Ed.) vol. 1, p. 119. It is necessary that actual fraud, as distinguished from constructive fraud, must be shown, and the evidence is insufficient to connect defendant

Kaplan with participation in either actual or constructive fraud.

It may be that the creditors who were preferred out of the proceeds of sales to the defendant might have been open to attack, but that is not the issue presented here. The equities do not appeal to the court, so far as either the bankrupt's conduct, or that of the defendant, is concerned, but the issue must be determined in accordance with the provisions of the statute.

Decree for the defendant, dismissing the bill of complaint, will be entered.